ACCEPTED
03-14-00667-CV
4422527
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/9/2015 2:15:47 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00667-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/9/2015 2:15:47 PM
JEFFREY D. KYLE
Clerk

TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,

*Appellant,*

v.

EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, PENNZOIL-QUAKER STATE COMPANY, AND SHELL OIL COMPANY,

*Appellees.*

## APPELLEES' MOTION FOR LEAVE TO FILE SURREPLY BRIEF

TO THE HONORABLE COURT OF APPEALS:

Appellees, Exxon Mobil Corporation, ExxonMobil Oil Corporation, Pennzoil-Quaker State Company, and Shell Oil Company, file this motion for leave to file a short Surreply Brief.

The Surreply Brief is necessary because the State waited until its Reply Brief to set forth the full basis for its appeal. The State presented the basics of its appellate argument in its opening brief, leaving much of the substance for its Reply Brief. In fact, the State's Reply Brief is nearly 800 words *longer* than its opening brief and introduces

- 1 -

new arguments, authorities, and theories in support of its appeal. The Surreply Brief will aid the Court in its assessment of the appeal.

Moreover, Appellees have been careful to refrain from unnecessarily burdening the Court. Combined, Appellees' opening brief and Surreply Brief contain a total of only 16,447 words—far fewer than the 27,000 words allowed under the rules for "the aggregate of all briefs filed by a party." TEX. R. APP. P. 9.4(i)(2)(B).

Accordingly, Appellees respectfully request leave to file their Surreply Brief, which is attached to this motion as Exhibit A.

Dated: March 9, 2015.

Respectfully submitted,

*/s/ John Eldridge*
John R. Eldridge
State Bar No. 06513520
*john.eldridge@haynesboone.com*
Kent G. Rutter
State Bar No. 00797364
*kent.rutter@haynesboone.com*
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010-2007
Telephone:    (713) 547-2000
Telecopier:    (713) 547-2600

Adam H. Sencenbaugh
State Bar No. 24060584
*adam.sencenbaugh@haynesboone.com*
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone: (512) 867-8489
Telecopier: (512) 867-8606

***ATTORNEYS FOR APPELLEES, EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, PENNZOIL-QUAKER STATE COMPANY, AND SHELL OIL COMPANY***

## CERTIFICATE OF CONFERENCE

I certify that I made a reasonable attempt to confer with counsel for the State about the merits of this motion. However, I was unable to determine whether the State opposes the motion.

/s/ Adam Sencenbaugh
Adam Sencenbaugh

## CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Appellate Procedure, I certify that a true and correct copy of the *Appellees' Motion for Leave to File Surreply Brief*, was served by electronic service on the following parties or attorneys of record on March 9, 2015:

| Attorneys | Parties |
|---|---|
| Thomas H. Edwards<br>Craig J. Pritzlaff<br>Linda Secord<br>Assistant Attorney General<br>Office of the Attorney General<br>Environmental Protection Division<br>P. O. Box 12548, Capitol Station<br>Austin, TX 78711-2548 | Texas Comm'n on Environmental Quality |

**NON PARTIES TO APPEAL:**

| | |
|---|---|
| Janessa M. Glenn<br>R. Steven Morton<br>MOLTZ MORTON & GLENN, LLP<br>5113 Southwest Parkway, Suite 120<br>Austin, TX 78735-8969 | Cabot Norit Americas, Inc. |
| John E. Leslie<br>JOHN LESLIE \| PLLC<br>1216 Florida Dr., Suite 140<br>Arlington, TX 76015-2393 | Howard Freilich/ d/b/a Quick Stop Brake and Muffler |
| Cynthia J. Bishop<br>C BISHOP LAW PC<br>P. O. Box 612994<br>Dallas, TX 75261-2994 | Baxter Oil Service |

Paul Craig Laird II  
ASHLEY & LAIRD, L.C.  
800 W. Airport Fwy., Suite 880  
Irving, TX 75062-6274

Frank Kosar, d/b/a Rite Way Truck Rental

Billy D. Cox  
128 Red Oak Ln.  
Flower Mound, TX 75028-3501

Billy D. Cox Truck Leasing, Inc.

David F. Zalkovsky, Agent  
11302 Ferndale Rd.  
Dallas, TX 75238-1020

Central Transfer & Storage Co.

George E. Kuehn  
BUTZEL LONG  
301 E. Liberty St., Suite 500  
Ann Arbor, MI 48102-2283

SBC Holdings, Inc., f/k/a The Stroh  
Brewery Company

*/s/ Adam Sencenbaugh*  
Adam Sencenbaugh

# EXHIBIT A

NO. 03-14-00667-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

TEXAS COMMISSION ON ENVIRONMENTAL QUALITY,

*Appellant,*

v.

EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, PENNZOIL-QUAKER
STATE COMPANY, AND SHELL OIL COMPANY,

*Appellees.*

**APPELLEES' SURREPLY BRIEF**

John R. Eldridge
State Bar No. 06513520
*john.eldridge@haynesboone.com*
Kent Rutter
State Bar No. 00797364
*kent.rutter@haynesboone.com*
Adam Sencenbaugh
State Bar No. 24060584
*adam.sencenbaugh@haynesboone.com*
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2000
Telecopier: (713) 547-2600


ATTORNEYS FOR APPELLEES

**ORAL ARGUMENT REQUESTED**

Not until the State filed its Reply did it set forth the full basis for its appeal. The State's opening brief merely sketched the basics of its appellate argument, leaving much of the substance for its Reply. The State's Reply *exceeded* the length of the opening brief by nearly 800 words and introduced new arguments, authorities, and theories in support of the State's appeal. ExxonMobil and Shell therefore submit the following as a limited surreply.

### A. The Legislature has waived sovereign immunity to review the AO under § 361.322.

The State's principal argument in reply rests on a misunderstanding of ExxonMobil and Shell's response. ExxonMobil and Shell do not argue that the TCEQ can "waive, agree to, or confer jurisdiction" when it otherwise does not exist. (Appellant's Reply Brief at 21.) What the State can do—and what it did through issuance of the AO for the Voda Site—is invoke its powers under the SWDA to issue an administrative order for which the Legislature has *already* enacted a "clear and unambiguous" waiver of sovereign immunity. *Tex. Natural Res. Conserv. Comm'n v. IT-Davy*, 74 S.W.3d 849, 853-54 (Tex. 2002).

The SWDA empowers the TCEQ to issue Superfund orders pursuant to § 361.188, § 361.272, or both, and the structure of the SWDA provides that a person subject to any of these Superfund orders may appeal to district court under § 361.322. Even the State acknowledges that § 361.322 is an unequivocal waiver of sovereign immunity. (Appellant's Reply Brief at 30.) Because the TCEQ issued

a Superfund order under the SWDA seeking response costs from ExxonMobil and Shell, ExxonMobil and Shell may appeal under § 361.322.

**B.    The State's argument that the SWDA creates mutually exclusive orders rests on a logical fallacy.**

The State reasons that if the Legislature intended to create mutually exclusive Superfund orders under § 361.188 and § 361.272, then it would have created two appellate provisions under the SWDA. Because the Legislature did so, the State argues, § 361.188 and § 361.272 orders must be mutually exclusive.

This argument is based on a logical fallacy. The flaw in the argument is that a Legislative intent to create mutually exclusive Superfund orders is not the *only* possible reason the Legislature would create two appellate provisions. Thus, even if the State's premises are true, its conclusion does not follow.

A classic example of this fallacy helps to illustrate the point. Suppose one were to argue as follows: (1) if Bill Gates owns Fort Knox, then he is rich; (2) Bill Gates is rich; (3) therefore, Bill Gates owns Fort Knox. Even if both the first and second premises are true, the conclusion does not follow, for much the same reason that the State's conclusion does not follow here: owning Fort Knox is not the *only* possible explanation for why Bill Gates is rich.

Setting aside the State's flawed logic, the fact is that nothing in the SWDA states that § 361.188 and § 361.272 orders are mutually exclusive, and despite the distinct appellate provisions there is no reason why they must be mutually

exclusive. Until the State decided late in this case to advance its expedient argument, the State never believed the two types of orders were mutually exclusive either, as it stated on many occasions.

### C. The State misconstrues the definition of "person affected," which limits standing for parties under § 361.321.

The State acknowledges that § 361.321 is limited to a "person affected" under the statute, which restricts the class of potential appellants to those with a specific geographic tie to a solid waste facility and sufficient economic injury. But the State glosses over these limitations and suggests that "[i]n context, this definition is broad enough to encompass persons named in Superfund orders." (Appellant's Reply Brief at 14.) That assertion might allow the State's desired conclusion to trump a plain reading of the text and an honest assessment of Legislative intent. Moreover, the State ignores that the definition of "person affected" has a temporal component, which limits the class to those with a geographic tie to the county "in which a solid waste facility is *to be located*." Tex. Health & Safety Code Ann. § 361.303(24) (West 2010) (emphasis added). There is no reason to believe the Legislature intended to limit appeals from Superfund orders to persons residing or doing business in counties where solid waste facilities would be built in the future. Beyond its clear limitation for standing, the definition reflects a Legislative intent to tie this appellate provision to prospective solid waste permits, not the Superfund program.

**D. The language of the AO and the actions of the TCEQ reflect an unmistakable intent to issue an order under both § 361.188 and § 361.272.**

In construing orders of an administrative agency, this Court will "apply the same rules as when [it] interprets statutes; the ultimate object of construction is to ascertain the intent of the administrative body." *Office of the Pub. Util. Counsel v. Texas-New Mexico Power Co.*, 344 S.W.3d 446, 450-51 (Tex. App.—Austin 2011, pet. denied). When construing statutes, courts "ascertain and give effect to the Legislature's intent as expressed by the language of the statute." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008).

The State dismisses Section I of the AO—expressing the TCEQ's intent to invoke both § 361.188 and § 361.272—as merely "boilerplate language" from the "preamble" that is not "controlling or dispositive." (Appellant's Reply Brief at 29.) But as the Texas Supreme Court has emphasized, "[i]t is presumed the entire statute is intended to be effective" and therefore the court should not read a word, phrase, or sentence to be useless or a nullity. *Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 89–90 (Tex. 2001). The opening paragraph of the AO is not a meaningless "preamble" and is no more "boilerplate" than any other provision of the Order. Instead, it is an unmistakable expression of the TCEQ's intent in issuing the AO, and there is no basis for the Court to disregard it. To the extent the State attempts to dismiss the formal invocation of § 361.272 on the ground that it is

- 4 -

contained in AO paragraph "I. Introduction," that theory is defeated by AO paragraph XXVIII, which provides that section headings are for convenience and "will be disregarded in the construction and interpretation of any of the provisions of this AO." (CR:87.)

The State asks the Court to ignore the actual text of the AO, the circumstances of its issuance, and the unequivocal descriptions it offered of the AO for years after its issuance, including its pleadings in this case. Instead, the State suggests, the Court should focus exclusively on the AO's "essential nature" and conclude that it was issued solely under § 361.188 simply because the TCEQ purportedly followed the listing procedures of § 361.181 through § 361.188. (Appellant's Reply Brief at 17.) But the proper classification of an order does not turn on whether the TCEQ followed particular listing procedures. For example, the State surely would not argue that if the TCEQ failed to satisfy one of the procedures of Subchapter F—*e.g.*, by neglecting to publish notice in the Texas Register—that a § 361.188 order would somehow convert to a § 361.272 order that would be subject to appellate review under § 361.322.

Finally, the State argues that the AO must have been issued solely under § 361.188 because it contains all the constituent parts of § 361.188 order. But this is another version of the same fallacy discussed above. Using the same logic, because the AO contains all of the elements of a § 361.272 order, one could just as

easily conclude that the AO was issued solely under § 361.272, not § 361.188. The State's efforts to rewrite the history of the Order are unavailing.

### E. Judicial review of the AO under § 361.322 would not be redundant.

The State asserts in Reply that review under § 361.322 would be "redundant" because the TCEQ would not go through the "elaborate, time-consuming, and expensive Subchapter F process if it had to re-prove liability at trial by a preponderance of the evidence anyway." (Appellant's Reply Brief at 26.) But the Subchapter F process does not "prove liability" by a preponderance of evidence to anyone—it merely *identifies* parties the TCEQ *believes* are responsible simply because their names appeared on records associated with the site. Liability is not *proven* to a neutral third-party or even to a hearings examiner affiliated with the TCEQ. In the absence of any hearing before the agency, judicial review under § 361.322 is not redundant of anything.

The State further suggests that it drew on its own "expertise" in identifying the PRPs for the Voda Site, so the Court should be confident that the rights of named PRPs were sufficiently protected. But as this Court has recognized when faced with similar arguments, "expertness is not a magic wand which can be waved over the corpus of an agency's findings to preserve them from judicial review." *Lamb County Elec. Co-op, Inc. v. Pub. Util. Comm'n*, No. 03-00-00113-CV, 2001 WL 23142, at *7 (Tex. App.—Austin Jan. 11, 2001, no pet.) (not

designated for publication). The TCEQ has no particular expertise in identifying PRPs and no incentive to limit the PRPs listed in an administrative order. The AO mentions nothing about the statutory defenses to liability being considered or rejected.

**F.** ***City of Waco* does not authorize the TCEQ to make decisions on the merits without robust judicial review.**

The State argues in Reply that *City of Waco* was more than a mere "threshold determination" and was instead based "on the substance of the applications." (Appellant's Reply Brief at 38.) Making a logical leap, the State then concludes that the TCEQ made "a similar determination respecting the Site remedy and Appellees' status as PRP's [sic]" in this case. (Appellant's Reply Brief at 36.) Therefore, the State argues, *City of Waco* must "define the proper approach here." (Appellant's Reply Brief at 35.)

The State misreads *City of Waco*. Although the agency in *City of Waco* examined issues that went to the merits of the application, it did not decide the merits—instead, it determined only whether the applicable third party was an "affected person" who was entitled to intervene. It was this decision, not a decision on the merits, that was held to be within the TCEQ's discretion. As this Court recently summarized:

> TCEQ's discretion over contested-case hearing requests naturally includes its "threshold" determination of whether the person seeking the hearing is an affected person. *See City of Waco*, 413 S.W.3d at

- 7 -

410, 417. And in making ***that particular decision***, TCEQ enjoys the discretion to weigh and resolve matters that may go to the merits of the underlying application, including the likely impact the regulated activity—here, under-ground disposal of by-product material—will have on the health, safety, and use of property by the hearing requestor and on the use of natural resources.

*Sierra Club v. Texas Comm'n on Envtl. Quality*, No. 03-11-00102-CV, 2014 WL 7463875, at *5 (Tex. App.—Austin Dec. 30, 2014, no pet. h.) (emphasis added).

In contrast, the TCEQ's decision to issue an AO imposing liability on ExxonMobil and Shell was not a threshold determination, but a final decision on the merits. The State now seeks to expand the *City of Waco* holding so that its limited exception swallows the rule, granting the TCEQ power to make final decisions on the merits without affording the potentially responsible party a contested case hearing. Neither *City of Waco* nor its limited progeny support such a broad interpretation.

## CONCLUSION

The State spent four years telling everyone who would listen that the TCEQ issued an administrative order for the Voda Site under both § 361.188 and § 361.272. Its recent attempts to erase that history are perplexing. The State provides a half-hearted explanation for its about-face when it states: "Prior to the Supreme Court's opinion in *City of Waco*…[t]he parties believed that, if the matter were appealed, some judicial fact-finding was inevitable in the trial court." (Appellant's Reply Brief at 19.) In other words, the TCEQ fully intended to invoke

its broadest powers under the AO and saw no procedural downside in doing so, believing that the trial court would review the AO under the preponderance of the evidence standard regardless.

But after *City of Waco*, the State mistakenly concluded that a Superfund order issued purely under § 361.188 could be shielded from scrutiny during either a contested case hearing at the agency or a trial at the district court. The State's problem is that the TCEQ never intended to issue an order for the Voda Site solely under § 361.188. Undaunted, the State acted on its misguided belief and pursued its bizarre and disingenuous plan to disavow virtually everything it said and did with respect to the Voda AO before the Supreme Court's decision in *City of Waco*.

The SWDA requires that appeals of Superfund orders come under § 361.322. Moreover, the State's desperate attempt to recast the Voda AO as a purely § 361.188 order is contradicted by the language, structure, and history of the AO. Therefore, Appellees request that this Court affirm the trial court's order denying the State's Plea to the Jurisdiction, or in the alternative, overturn the Order as a violation of the TCEQ's power under the SWDA.

Dated: March 9, 2015.

Respectfully submitted,

*/s/ John Eldridge*

John R. Eldridge
State Bar No. 06513520
*john.eldridge@haynesboone.com*
Kent G. Rutter
State Bar No. 00797364
*kent.rutter@haynesboone.com*
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010-2007
Telephone: (713) 547-2000
Telecopier: (713) 547-2600

Adam H. Sencenbaugh
State Bar No. 24060584
*adam.sencenbaugh@haynesboone.com*
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone: (512) 867-8489
Telecopier: (512) 867-8606

***ATTORNEYS FOR APPELLEES EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, PENNZOIL-QUAKER STATE COMPANY, AND SHELL OIL COMPANY***

**CERTIFICATE OF COMPLIANCE**
**T<small>EX</small>. R. A<small>PP</small>. P. 9.4(i)(3)**

      I hereby certify that this Brief contains a total of <u>2,237</u> words, excluding the parts of the brief exempted under T<small>EX</small>. R. A<small>PP</small>. P. 9.4(i)(1), as verified by Microsoft Word 2010. This Brief is therefore in compliance with T<small>EX</small>. R. A<small>PP</small>. P. 9.4(i)(2).

                */s/ Adam Sencenbaugh*
                Adam Sencenbaugh

# CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Appellate Procedure, I certify that a true and correct copy of the ***Appellees' Surreply Brief*** was served by electronic service on the following parties or attorneys of record on this 9th day of March, 2015:

| **Attorneys** | **Parties** |
|---|---|
| Thomas H. Edwards<br>Craig J. Pritzlaff<br>Linda Secord<br>Assistant Attorney General<br>Office of the Attorney General<br>Environmental Protection Division<br>P. O. Box 12548, Capitol Station<br>Austin, TX 78711-2548 | Texas Commission on Environmental Quality |

**NON PARTIES TO APPEAL:**

| | |
|---|---|
| Janessa M. Glenn<br>R. Steven Morton<br>MOLTZ MORTON & GLENN, LLP<br>5113 Southwest Parkway, Suite 120<br>Austin, TX 78735-8969 | Cabot Norit Americas, Inc. |
| John E. Leslie<br>JOHN LESLIE | PLLC<br>1216 Florida Dr., Suite 140<br>Arlington, TX 76015-2393 | Howard Freilich/ d/b/a Quick Stop Brake and Muffler |
| Cynthia J. Bishop<br>C BISHOP LAW PC<br>P. O. Box 612994<br>Dallas, TX 75261-2994 | Baxter Oil Service |

Paul Craig Laird II
ASHLEY & LAIRD, L.C.
800 W. Airport Fwy., Suite 880
Irving, TX 75062-6274

Billy D. Cox
128 Red Oak Ln.
Flower Mound, TX 75028-3501

David F. Zalkovsky, Agent
11302 Ferndale Rd.
Dallas, TX 75238-1020

George E. Kuehn
BUTZEL LONG
301 E. Liberty St., Suite 500
Ann Arbor, MI 48102-2283

Frank Kosar, d/b/a Rite Way Truck Rental

Billy D. Cox Truck Leasing, Inc.

Central Transfer & Storage Co.

SBC Holdings, Inc., f/k/a The Stroh
Brewery Company

*/s/ Adam Sencenbaugh*
Adam Sencenbaugh

15058673_1

- 13 -